FILED

2006 Jul-24 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| B&M Properties, LLC, | ) Chapter 11 |
| Debtor. | ) Bankruptcy Case No. 05-83025 |

_____
_____

| | |
|---|---|
| PEOPLES BANK OF NORTH ALABAMA, | ) |
| | ) |
| | ) |
| Appellant, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-G-2623-NE |
| | ) |
| | ) |
| SAIIA CONSTRUCTION, LLC, | ) |
| | ) |
| Appellee. | ) |

### **MEMORANDUM OPINION**

This cause is before the court on Motion for Rehearing by Appellee SAIIA Construction, LLC, (doc. 10).  Having considered the submissions of counsel, the previous ruling of the court, and the applicable law, the court finds that this motion is due to be denied.  The adjudication of the lien perfection at issue must be litigated in the Circuit Court of Cullman County, Alabama, where it was originally filed.

The requirements for lien perfection have been unchanged for almost one hundred years.  In *Sorsby v. Woodlawn*, the Alabama Supreme Court relied on

the 1907 Code of Alabama when it stated that "[t]he lien the material man or mechanic <u>acquires is by virtue of the statutes only</u>, and the requirements of the statutes as to acquiring and enforcing [the lien] must be pursued, else it is lost or does not exist.  The lien is not property nor is it a right in or to the property; it is neither a jus in re nor a jus ad rem.  It is simply a right to charge the property which it affects with the payment of a particular debt."  *Sorsby v. Woodlawn*, 202 Ala. 566, 81 So. 68, 70 (Ala. 1919)(emphasis added).

Under Alabama law, a mechanic or materialman must: (1) provide statutory notice to the owner, Ala. Code § 35-11-210 (1975);[1] (2) file a verified statement of lien in the probate office of the county where the improvement is located, Ala. Code § 35-11-215 ; <u>and (3) file suit to enforce the lien in the circuit or district court in which the property is located</u>.  Ala. Code § 35-11-220(1975)(emphasis added). The party against whose property the lien is sought is afforded full due process and "in all respects, the pleadings, practice and proceedings as in ordinary civil actions."  Ala. Code § 35-11-222 (1975).[2]  Judgment must be taken before the lien is enforceable.  Ala. Code § 35-11-224 (1975)(Issues; finding or verdict; judgment generally); Ala. Code § 35-11-225(1975)(Judgment by default); Ala. Code § 35-11-226 (1975)(Enforcement of judgments).

---

[1] Section 35-11-210 provides the notice requirements for contractors other than the original contractor.

[2] Section 35-11-222 also outlines the required contents of the complaint.

Merely giving notice and filing a statement of lien are not sufficient to perfect a lien.  Filing a Statement of Lien does not perfect the lien.  SAIIA's taking its lien action to judgment in the state court is the only way it can perfect its lien.  The Bankruptcy Court has no jurisdiction to declare the lien perfected, and, without perfection, the lien is but an inchoate claim.  After perfection, of course, the Bankruptcy Court has the power to determine the relative priority of this lien.

Jurisdiction for the third and final necessary step for perfection is in the circuit court of the county in which the property is located.  Ala. Code § 35-11-220 (1975).  This judicial proceeding must be afforded the property owner and any others who may hold an interest in the property, such as mortgagees.  Otherwise, liens could be filed and perfected against one's property without any opportunity to defend against it.  Further, the hearing is required by statute to be held by the circuit court[3] in the county in which the property is located.[4]

SAIIA attempted to make an end run around the required third step by filing the involuntary bankruptcy petition before the lien perfection suit in Cullman County had been litigated to judgment.  This tactic is impermissible under the law of Alabama.  If SAIIA wishes to have its lien, it must fully comply with all of the

---

[3] If the amount in controversy is $50.00 or less, the district court in the county where the property is located has jurisdiction.  Ala. Code § 35-11-220 (1975).

[4] Common sense reasons abound for this jurisdictional requirement, not the least of which is facilitating the opportunity to inspect the property, if required.  As in this case, lien disputes often center around work done that result in visible changes to the property, and inspections are often required.

statutory requirements of the state law for lien perfection or "else it is lost."  *See,*

*Sorsby*, 202 Ala. 566, 81 So. 68, 70 (Ala. 1919).

As discussed in the original opinion issued by this court, mandatory

abstention applies, not to the bankruptcy petition but to the lien perfection.  The

Appellee again argues in its Motion for Rehearing that the final factor of

mandatory abstention is not met–that the action can be timely adjudicated.

SAIIA, who now complains of the unsubstantiated possibility of undue delay,

caused the suit in Cullman County to be stayed by filing the involuntary

bankruptcy petition.  The case will be returned to the Cullman court for

adjudication.  A presumption attaches that the state court will handle the matter

expeditiously, and no evidence has been proffered to overcome this presumption.

The court has nothing before it to show nor does it have any independent judicial

knowledge of a quagmire in the courts of Cullman County.

The court reasserts its finding that the Bankruptcy Court should have

exercised discretionary abstention under the circumstances of this case.  The

factors considered in whether to abstain by discretion militate overwhelmingly in

favor of abstention in this case, particularly because the debtor has been

dismissed from the state proceeding.  *See, In re Perfect Homes, LLC,* 231 BR

558 (Bankr. N.D. Ala. 1999).  Most significantly, the Bankruptcy Court should

have evaluated the train of events for signs of blatant forum shopping.  The

Bankruptcy Court's failure to abstain was an abuse of discretion.

A further issue is the certified question by the Bankruptcy Court to the Supreme Court of Alabama pursuant to Rule 18 of the Alabama Rules of Appellate Procedure concerning the sufficiency of the Statement of Lien filed by SAIIA. The Statement lacks a notary acknowledgment that the Statement was verified under oath as required by the statute. The affiant states within the body of the Statement that it is verified under oath, but it is not. The Statement is deficient on its face by the literal terms of the statute. The statute itself supplies the form for verification before a notary. The form used in the case at bar is quite different and by no means compliant. The record does not show why simple copying of the form prescribed by statute did not take place. Because the Bankruptcy Court could find no controlling precedent as to whether the Statement fell within the ambit of substantial compliance, it submitted the certified question to the Alabama Supreme Court.

The perfection of SAIIA's lien will now be the subject of active litigation in a state court and no longer before a federal court. Certified questions may be sent to the Alabama Supreme Court only by certain federal courts but not by state courts. Ala. R. App. P. 18. Consequently, as part of the Order issued with this Opinion, the Bankruptcy Court will be ordered to withdraw the question.

The appellee has requested oral argument on their Motion for Rehearing. By making a blatantly false statement to the court in their motion, counsel came perilously close to having sanctions invoked upon them. In their motion, they

stated, "Under the general rule, '[o]ral argument shall be allowed in all cases.' Fed. R. Bankr. P. 8012." Appellee Motion for Leave, p. 2 (bracket in original). The rule states, "Oral argument shall be allowed in all cases **unless** the district judge or the judges of the bankruptcy appellate panel unanimously determine after examination of the briefs and record, or appendix to the brief, that oral argument is not needed. Any party shall have an opportunity to file a statement why oral argument should be allowed." Fed. R. Bankr.P. 8012. A sizeable and significant omission. Counsel failed to make any statement explaining why oral argument would be helpful to the court. The court found the briefs, the record, and the law to be sufficient for its decision. The request for oral argument will be denied.

Accordingly, a separate order will be entered denying Appellee's motion for oral argument and for rehearing.

DONE and ORDERED this day, July 24, 2006.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.